UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELISSA WINCHELL,

    Plaintiff,

v.

Case No. 17-
Hon.

ORGAN PROCUREMENT
AGENCY OF MICHIGAN,
d/b/a GIFT OF LIFE MICHIGAN,

    Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com
kkelly615@gmail.com
_____/

## COMPLAINT

NOW COMES Plaintiff, MELISSA WINCHELL, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, ORGAN PROCUREMENT AGENCY OF MICHIGAN, stating as follows:

## **COMMON ALLEGATIONS**

1. That Plaintiff is a resident of the County of Saginaw, State of Michigan.

2. That Defendant, d/b/a Gift of Life Michigan, is a domestic nonprofit corporation authorized to conduct business in the State of Michigan with its registered office located in the County of Washtenaw, State of Michigan.

3. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

4. That this Honorable Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

5. That venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391.

6. That assignment to this Honorable Court is proper pursuant to Local Rule 83.10.

7. That this complaint arises out of denial of certain benefits owed to the Plaintiff pursuant to a certain benefits plan taken out by the Mutual of America Life Insurance Company Defined Contribution Prototype Plan (Plan), as adopted by Defendant on April 15.

8. That this case also arises out of violations of the Fair Labor Standards

Act for failing to pay overtime pay to the Plaintiff.

9. That Plaintiff was employed as a tissue procurement specialist by Defendant.

10. That Plaintiff was employed as a tissue procurement specialist by Defendant in 2005 and was terminated on or about December 10, 2015.

11. That upon Plaintiff's termination she did not receive any of the above mentioned benefits which would have then otherwise provided during the duration of her employment through the Plan.

12. That furthermore Plaintiff was denied overtime pay in violation of the FLSA *see infra.*

## **COUNT I – BREACH OF FIDUCIARY DUTY**

13. That Plaintiff incorporates by reference thereto paragraphs 1 through 12 of her Common Allegations, word for word and paragraph by paragraph.

14. That at all time material hereto, the named Defendant was a fiduciary and/or functional fiduciary to the Plan [hereinafter referred to as the "Plan"], since, at a minimum, the Defendant:

(i) Exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets;

(ii) Rendered investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of the Plan, or had discretionary authority or responsibility to do so; or

(iii) Had discretionary authority or discretionary responsibility in the administration of the Plan.

15. That as a fiduciary or, at a minimum, a functional fiduciary, the Defendant was to discharge its duties solely in the interest of the Plaintiff and was required to act with the care, skill, prudence and diligence under circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. See 29 USC § 1104.

16. That according to Section 1.2(a)(2) of the Plan all of Defendant's employees are eligible to participate in the Plan for non-resident aliens, independent contractors, lease employees, and other non-employees.

17. That Plaintiff did not fall into any of the categories of persons that would be otherwise ineligible for the Plan.

18. That Section 1.2(b)(1)(b) of the Plan provides that an employee in order to be eligible must be 21 years old to participate.

19. That Plaintiff satisfies the requirements of age under the Plan being 32

4

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

years of age when she began working for Defendant in August 2005.

20. That furthermore and pursuant to Section 1.2(b), the Plan provides that the minimum requirement for coverage is one year.

21. That furthermore Section 3.2 explains that "an employee shall be credited with a "year of service" for the first eligibility computation period . . . during which the employee completes 1000 hours of service and for each eligibility period thereafter during which the employee completes at least 1000 hours of service."

22. That Defendant, to circumvent their requirements and obligations under the Plan, has indicated to Plaintiff that although she meets the service hours requirements under the Plan, they will only credit her not for time spent during work for Gift of Life ("GOL") but only for work performing "actual tissue removal procedures" and in this way have attempted to avoid their obligation to pay Plaintiff benefits.

23. That Defendant's scheme does violate the Fair Labor Standards Act as more fully discussed below and is a violation of that Act.

24. That in point in fact Plaintiff worked in excess of 1000 hours per year since she began working for GOL in 2005 and the actual amount of time she spent performing work for GOL including performing tissue removal, organ procurement procedures, drive time, clerical work, far exceeded the requirements

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

of the Plan.

25. That furthermore, during the course of her employment with GOL Plaintiff was on call for 24 hour shifts.

26. That Plaintiff does, as indicated above, satisfy all of the requirements for coverage under the Plan and according to Section 1.3(a) of the Plan, GOL contributes 10% of the participants compensation for each Plan year.

27. That as such, her annual income from GOL from 2005 through 2015 would be as follows:

| YEAR | AMOUNT | 10% |
| --- | --- | --- |
| 2005 | $4,075.00 | $407.50 |
| 2006 | $43,681.95 | $4,368.00 |
| 2007 | $41,705.00 | $4,170.00 |
| 2008 | $46,626.04 | $4,662.00 |
| 2009 | $57,496.12 | $5,749.00 |
| 2010 | $110,349.90 | $11,034.00 |
| 2011 | $115,612.76 | $11,561.00 |
| 2012 | $91,374.38 | $9,137.00 |
| 2013 | $100,546.75 | $10,054.00 |
| 2014 | $102,232.13 | $10,223.00 |

| 2015 | $112,435.50 | $11,243.00 |
|---|---|---|
| **TOTAL** | | **$82,608.50** |

28. That according to simple math without regard to calculations regarding interest or other cost, fees, or contributions Gift of Life should have contributed at least $82,608.50 to Plaintiffs' pension benefits.

29. That furthermore Gift of Life has not made any contributions to Plaintiff's benefits thus far and as such she appealed or filed a motion for claim for such benefits on June 1, 2016.

30. That Defendant's actions constitute addition retaliation in violation of the Employee Retirement Income Security Act.

31. That at all times relevant herein the Defendant is the plan administrator and fiduciary of the Plaintiff and her entitlement to various benefits under the plan as set forth more fully above.

32. That at all times material hereto the Defendants have provided the Plaintiff with a welfare benefit plan covered by the terms of the Employment Retirement Income Security Act 29 U.S.C. §1002(1).

33. That at all times material hereto, Defendant acted as a fiduciary under the plan and the Defendant has breached its fiduciary duties to the Plaintiff by denying her benefits under the plan.

34. That Defendant abused its discretion in denying Plaintiff her benefits under the Plan, and its actions are arbitrary and/or capricious.

35. The Defendant's actions do violate the Employment Retirement Income Security Act.

36. That ERISA allows a civil action to be brought by a beneficiary to obtain appropriate equitable relief. 29 U.S.C. §1132(A)(3).

37. That Plaintiff has now exhausted the administrative process as acknowledged by the Defendant in correspondence dated May 15, 2017.

38. That as such Plaintiff seeks an order from this Court compelling Defendant to make good on the benefits that Plaintiff would be entitled to under the Plan.

39. That Plaintiff claims as a direct and proximate result of Defendant's violations of ERISA that she is entitled to the following damages:

- Damages in the form of plan benefits as more fully set forth in the common allegations in the form of 10% of her income for the last ten years;

- Interest on said damages; and

- Reasonable attorney fees and costs pursuant to 29 U.S.C. §1132(G)(1)

40. That at all times material hereto, Defendant adopted and had in effect an employee benefit plan as the term is defined by the Act. See 29 U.S.C. § 1002(3).

41. That at all times material hereto, Defendant was and is a "person" as defined by the Act.  See 29 U.S.C. § 1002(9).

42. That at all times material hereto, Plaintiff was and is a "participant" in or a "beneficiary" of Defendant's employee benefit plan.  See 29 U.S.C. § 1002(7), (8).

43. That Plaintiff engaged in activity protected by the Act.

44. That Defendant took an adverse employment action against Plaintiff by terminating her employment.

45. That a causal link exists between Plaintiff's protected activity and Defendant's adverse action.

46. That at all times material hereto, Defendant had knowledge of Plaintiff's protected activity.

47. That Defendant's actions constitute retaliation in violation of the Employee Retirement Income Security Act.

48. That Plaintiff hereby claims any appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3).

49. That Plaintiff hereby claims reasonable attorney fees and the costs of the action pursuant to 29 U.S.C. § 1132(g).

**COUNT II – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

50. That Plaintiff hereby incorporates by reference the allegations

contained in paragraphs 1 through 12 of her Common Allegations, and paragraphs 13 through 49 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

51. That as noted Plaintiff began working for Defendant as a tissue procurement specialist/organ perfusionist in 2005.

52. That Plaintiff was required to have surgical experience for the job.

53. That tissue procurement specialists are primarily responsible for surgically removing human tissue for transplant. Organ perfusionists are primarily responsible also for kidney, liver, pancreas perfusion and pump placement.

54. That on the average Plaintiff was scheduled to work five 24-hour on-call shifts per week for a total of 120 hours per week.

55. That Plaintiff had to immediately respond to a call when she was on call and needed to be prepared to respond to a call at all times because the process of recovering tissue has to be initiated within 24 hours of the donor's death, and Plaintiff frequently received calls with less than 24 hours remaining for recoveries. Additionally Plaintiff would often have to travel long distances to locations throughout Michigan for recoveries, including the Upper Peninsula.

56. That in addition to recovering tissue and traveling to various locations throughout Michigan, Plaintiff was responsible for performing clerical work while on-call, including entering donor recovery data into software programs,

coordinating donor transportation, facilitating the shipment of recovered tissue, and completing documentation for the processing of donor records.

57. That Plaintiff regularly made phone calls across state lines in the use of interstate mail to transfer donated tissue to tissue banks throughout the United States.

58. That Plaintiff was unable to use her on-call time to engage in personal activities and needed to stay within a close geographic proximity of her home while she was on call because of the need to have access to a computer and the Internet in case she received a call to perform clerical work. Response time was critical and was 15 minutes from case activation.

59. That once Plaintiff was scheduled to work on an on-call shift, Plaintiff was generally unable to switch her shift due to staff shortages. Additionally, Plaintiff would be reprimanded if she had tried to turn down an on-call case, and the Director of Tissue had been known to retaliate and decrease shifts if not responded to timely.

60. That Defendant did pay the Plaintiff a flat rate of $300 per recovery (or $350 per recovery if Plaintiff was working as a team leader). The Defendant did not compensate Plaintiff for any travel time or for performing clerical work while on-call.

61. That prior to October 2015, Defendant did not compensate Plaintiff for any of her on-call time, if she did not perform any recoveries during her shift. Defendant also implemented a new policy on or around October 2015, requiring the Defendant to pay Plaintiff $50 per on-call shift if Plaintiff was scheduled to work as a team leader and if Plaintiff did not perform any recoveries.

62. That in addition to working the on-call shifts, Plaintiff frequently had to perform clerical work on the days that she was not scheduled to work. On average, Plaintiff spent 20 hours per week performing such work. The Defendant did not compensate Plaintiff for performing clerical work on days that she was not scheduled.

63. That Defendant further required Plaintiff to attend training sessions and to participate in quality improvement projects. The Defendant did not compensate Plaintiff for all of the training sessions and improvement projects that that she attended.

64. That including the 24-hour per on-call shift, Plaintiff worked an average of 120 hours per week and spent an average of 80 hours per week performing actual work.

65. That Defendant is thus required to compensate Plaintiff at one and a half times her regular rate of pay for hours worked in excess of 40 hours per week. Here, Defendant did not compensate Plaintiff at one and a half times the regular

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

rate of pay for hours worked in excess of 40 hours per week. Instead, Defendant, compensated Plaintiff at her regular rate of pay for all hours worked.

66. That Plaintiff was not, at any time during her employment, exempt from the overtime pay requirements of the FLSA.

67. That all hours worked by Plaintiff, including overtime hours, were worked at the direction and with the sufferance of Defendant.

68. That Defendant's failure to pay overtime in violation of FLSA was willful, with knowledge, or was reckless disregard of the statutory overtime requirements.

69. That Defendant is an employer within the coverage of FLSA. 29 U.S.C. 203(D)

70. That Plaintiff is an employee within coverage of FLSA 29 U.S.C. 203(E).

71. That Defendant is an enterprise engaged in commerce as defined by FLSA 29 U.S.C. 203(S).

72. That Plaintiff is an employee engaged in commerce as defined by FLSA 29 U.S.C. 203(B).

73. That Defendant has revenues in excess of $500,000 per year during the time of Plaintiff's employment with Defendant. 29 U.S.C. 203(S).

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

74. That all time spent on-call is compensable because Plaintiff is unable to use her on-call time for personal pursuits.

75. That additionally Plaintiff spends in an average of 80 hours per week performing actual work.

76. That pursuant to §207 of the FLSA, Defendant is required to pay Plaintiff one half times the regular rate of pay for hours worked in excess of 40 hours per week.

77. That Defendant violated §207 of FLSA by failing to pay Plaintiff one and a half times her regular pay for hours worked in excess of 40 hours per week.

78. That pursuant to §216(B) of FLSA Defendant is liable to Plaintiff for unpaid overtime compensation, plus an additional equal amount as liquidated damages together with reasonable attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                Respectfully submitted,

                                THE MASTROMARCO FIRM

Dated: August 1, 2017        *s/Victor J. Mastromarco, Jr.*
                                Victor J. Mastromarco, Jr. (P34564)
                                Attorney for Plaintiff
                                1024 N. Michigan Ave.
                                Saginaw, MI  48602
                                (989) 752-1414
                                vmastromar@aol.com